

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00147-CR

_____

IVAN DEJESUS AGUILAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from County Criminal Court No. 1
Tarrant County, Texas
Trial Court No. 1441955; Honorable Sherry L. Hill, Presiding

November 1, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Ivan Dejesus Aguilar, was convicted by a jury of the offense of assault[1] and was sentenced by the court to confinement in the Tarrant County Jail for a term of six days and assessed a fine of $100. By a single issue, Appellant contends the evidence is legally insufficient to support the conviction. We affirm.

_____

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2016). As charged, the offense was a Class A misdemeanor. *Id.* at § 22.01(b) (West Supp. 2016).

BACKGROUND

On October 18, 2015, Appellant was involved in an altercation involving several persons. During the course of that altercation, Maria Olivares was hit in the mouth, causing the loss of a front tooth. As a result of that incident, Appellant was charged by information with the offense of assault, a Class A misdemeanor. In pertinent part, the information alleged as follows:

> [t]hat Ivan Dejesus Aguilar, hereinafter called Defendant, In the County of Tarrant and State aforesaid, on or about the 18th day of October 2015, did then and there intentionally or knowingly cause bodily injury to Maria Olivares, by striking her with his hand.

At trial, the State called four fact witnesses: Maria Olivares, Norma Arevalo, Sara Lozano, and Selena Lozano. Olivares testified that she did not know with what she was struck. Arevalo testified that she saw Appellant with "something in his hand" and that "[h]e swung at [Olivares], hit her in the mouth." Sara and Selena both testified that they did not see Appellant strike Olivares.

At the close of the State's case, Appellant moved for a directed verdict of acquittal. After that motion was denied, Appellant was called as the only witness for the defense. During his testimony, he denied striking Olivares. The case was submitted to the jury and they returned a verdict of guilty. At that time, the court assessed Appellant's sentence at six days confinement in the Tarrant County Jail, a fine of $100, and costs of court. Appellant timely perfected this appeal. On appeal, Appellant contends the evidence is legally insufficient to establish that he intentionally or knowingly caused bodily injury to Olivares *by striking her with his hand.*

The standards of review we must apply in reviewing the sufficiency of the evidence in a criminal proceeding are so well established that a detailed recitation of those standards is unnecessary here. We find it sufficient to refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), and *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010), for a review of those standards.

We further note that we measure the sufficiency of the evidence according to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). For the purpose of that analysis, we note that the essential elements of the offense of assault are: (1) a person, (2) intentionally, knowingly, or recklessly, (3) causes bodily injury, (4) to another. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2016).

Here, Appellant advances the argument that there was no evidence introduced by the State establishing that he struck Olivares in the mouth with his hand, as alleged in the information. Specifically, he states that Arevalo's testimony, the only testimony directly establishing that he struck Olivares, was that he did not use his hand. This conclusion is incorrect. What Arevalo testified to was that she saw Appellant with "something in his hand" and that "[h]e swung at [Olivares], hit her in the mouth." Nothing about that testimony indicates that Appellant did not strike Olivares. It is immaterial whether Appellant was holding something in his hand at the time. The reasonable conclusion to be drawn from this direct testimony was that Appellant struck Olivares in the mouth. Other evidence clearly established that Olivares suffered bodily injury as a result of being struck. Accordingly, we find that, when viewed in the light

3

most favorable to the jury's verdict, the evidence was sufficient to establish each element of the offense necessary to support Appellant's conviction. Appellant's sole issue is overruled.

CONCLUSION

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Do not publish.